STATE OF MAINE
CUMBERLAND, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. *CV-09-388*

---

ALISON MCCORMICK, of Old Orchard Beach,  :
York County, Maine; and **SEAN FOLEY**,  :
of Biddeford, York County, Maine; and  :
**TAMRA PHILBROOK**, of Portland,  :
Cumberland County, Maine; and **J. HAM YING**  :
Of Saco, York County, Maine  :
  :
     Plaintiffs,  :
  :
v.  :       **COMPLAINT**
  :
**FESTIVA DEVELOPMENT GROUP, LLC**  :
a foreign corporation qualified to do business  :
in the State of Maine and doing business in Portland:
Maine; and **RANGELEY LAKE RESORT**  :
**DEVELOPMENT COMPANY, LLC**, a  :
Corporation of the State of Maine doing business  :
in Portland, Maine  :
  :
     Defendants.  :

---

## SUMMARY

This is an individual and class action for minimum wages and overtime pay for hours worked over forty in a week. The plaintiffs are salespeople who were employed on the premises of the FESTIVA Development Group, LLC and the Rangeley Lake Resort Development Company, LLC. They performed the task of selling time shares to customers who came to the defendants' offices. They were paid on a strict commission basis, so that in several weeks they were paid less than the minimum wage during the first forty hours of their employment and less than time and a half their regular rate in those weeks that they worked more than forty hours.

## FIRST CLAIM

1. Plaintiffs bring this action to recover from defendants unpaid minimum wages and, in addition, an equal amount as liquidated damages, pursuant to 26 M.R.S.A. Section 670, and pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, Title 39 U.S.C. Section 216(b), as hereinafter more fully appears.

2. Plaintiff, Alison McCormick, currently resides in the City of Old Orchard Beach, County of York, and State of Maine.

3. Plaintiff, Alison McCormick, has been employed by defendants in the capacity of a sales person during all times relevant to this Complaint.

4. Plaintiff, Sean Foley, currently resides in the City of Biddeford, County of York, and State of Maine.

5. Plaintiff, Sean Foley, has been employed by defendants in the capacity of a sales person during all times relevant to this Complaint.

6. Plaintiff, Sean Foley, has been employed by defendants in the capacity of a sales person during all times relevant to this Complaint.

7. Plaintiff, Tamra Philbrook, currently resides in the City of Portland, County of Cumberland, and State of Maine.

8. Plaintiff, Tamra Philbrook, has been employed by defendants in the capacity of a sales person during all times relevant to this Complaint.

9. Plaintiff, J. Ham Ying, currently resides in the City of Saco, County of York, and State of Maine.

10. Plaintiff, J. Ham Ying, has been employed by defendants in the capacity of a sales person

during all times relevant to this Complaint.

11. Defendant Rangeley Lake Resort Development Company, LLC is a corporation of the State of Maine doing business in Portland, Maine, and employed the plaintiffs during all times relevant to this Complaint.

12. Defendant FESTIVA Development Group, LLC, is a foreign corporation qualified to do business in the state of Maine, and having a place of business in Portland, Maine. It employed the plaintiffs at all times relevant to this Complaint.

13. The Plaintiffs' earnings were derived exclusively from sales commissions, and their hours and places of employment were substantially controlled by the defendants.

14. In many weeks the sale commissions that defendants paid to the plaintiffs were not sufficient to compensate them at the minimum wage for the hours they worked.

15. The manner in which the defendants compensated the plaintiffs, failing to pay them minimum wages each week, was typical of the manner in which they compensated many other sales employees.

16. With regard to the other sales employees of the defendants, there are both issues of law and issues of fact that are common to those issues raised by the plaintiffs herein.

17. Defendants have acted and failed to act with respect to the plaintiffs and their other sales employees on grounds which are similar, and continue to so act, thereby justifying declaratory and injunctive relief. The defendants continue to fail to pay their employees minimum wages.

18. This action brought on behalf of Alison McCormick, Sean Foley, J. Ham Ying, and Tamra Philbrook, and all other employees similarly situated, is superior to each

individual employee having to file his or her own individual action in that it will conserve judicial resources and reduce both administrative and legal costs.

WHEREFORE, plaintiffs pray this Court to enter judgment for the plaintiffs and the class they seek to represent against the defendants for their minimum wages, plus liquidated damages, costs, and attorneys' fees, pursuant to 26 M.R.S.A. §670; and to grant such other and further relief as this Court deems just and proper.

## SECOND CLAIM

### Fair Labor Standards Act

19. Plaintiffs repeat each of the allegations in paragraphs one through fifteen above, and incorporate the same herein as though set out at length.

20. Defendants are, and at all times hereinafter mentioned were, engaged in the operation of an enterprise engaged in commerce within the meaning of Section 3(s) of the Fair Labor Standards Act.

21. At all times hereinafter mentioned, defendants have employed employees in and about their places of business in the activities of said enterprise engaged in commerce, including employees handling or otherwise working on goods or materials that moved in interstate commerce. Therefore, the said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act.

22. The named plaintiffs bring this claim under the Fair Labor Standards Act on their own behalf and on behalf of all non-exempt employees of the defendants who were, are, or

will be employed by the defendant after the commencement of this action, and who have not been compensated at, at least the minimum wage for their hours worked. The named plaintiffs are all members of the proposed collective action on whose behalf these claims are brought.

23. This claim for relief for violations of the Fair Labor Standards Act is brought as a "opt-in" collective action pursuant to §216(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), on all claims asserted by the named plaintiffs, because the claims of the named plaintiffs are similar to the claims of the putative members of the collective action.

24. The claims of the plaintiffs and of the potential "opt-in" members of the collective action are similarly situated the plaintiffs in that both the plaintiffs and the members of the opt-in collective action have been compensated exclusively on a commission basis without regard to the number of hours that they worked and because the result of this compensation scheme has been for the defendants to pay them less than the minimum wage in several weeks.

25. The defendants have also engaged in a pattern and practice of failing to keep accurate records showing all hours worked by the named plaintiffs and by the potential opt-in plaintiffs in a collective action, all in violation of the Fair Labor Standards Act.

26. Thus, the claims of the named plaintiffs may be maintained as a collective action pursuant to §16(b) of the Fair Labor Standards Act.

WHEREFORE, plaintiffs and members of the collective action pray this Court to enter judgment for the plaintiffs and against the defendants on the basis of the defendants'

violations of the Fair Labor Standards Act, 29 U.S.C., Section 201 and the following:

1.     to award plaintiffs actual and compensatory damages in the amount shown to be due for minimum wages, with interest;

2.     to award plaintiffs an equal amount in liquidated damages;

3.     to award plaintiffs reasonable attorneys' fees and costs of suit; and

4.     to permit this case to proceed as a collective action;

5.     to grant such other relief as this Court deems equitable and just.

Dated at Portland, Maine this 25th day of June, 2009.

Donald F. Fontaine     Bar No. 424
Law Offices Of Donald F. Fontaine
97 India Street
P.O. Box 7590
Portland, Maine 04112
(207) 879-1300     Fax: 772-6402
dff@fontainelaw.com

Attorney for plaintiffs