IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

|  |  |
|---|---|
| **ALISON MCCORMICK**, et al, | : Case 2:09-cv-00365-GZS |
| Plaintiffs, | : |
| v. | : |
| **FESTIVA DEVELOPMENT GROUP, LLC** a foreign corporation qualified to do business in the State of Maine and doing business in Portland Maine; and **RANGELEY LAKE RESORT DEVELOPMENT COMPANY, LLC**, a Corporation of the State of Maine doing business in Portland, Maine | : |
| Defendants. | : |

## PLAINTIFFS' RESPONSE TO MOTION TO DISMISS OF DEFENDANT RANGELEY LAKE RESORT DEVELOPMENT COMPANY, LLC

### INTRODUCTION.

Defendant Rangeley has moved to dismiss the Complaint for insufficiency of service process and for failure to state a claim. This response is filed in opposition to the Motion which appears as Documents 14 of the Court's file.[1]

---

[1] Rangeley's Motion refers to eight plaintiffs and to the Amended Complaint. However, the Court's docket indicates only the four plaintiffs of the original Complaint. The Court, was not provided with the Amended Complaint at the time of removal and the defendant has not yet formally provided the Court with the Amended Complaint as part of the state court record. Nor had defendant Rangeley formally removed to this Court the cases of the four additional plaintiffs. The Court does have a copy of the Amended Complaint, submitted as Document 5-4 attached to Plaintiffs' Motion To Remand (DOCKET NO. 5). Because only four plaintiffs appear in the ECF System, some pleadings have been identified as filed on behalf of only those four plaintiffs. If the Court deems that this case has been removed on behalf of all eight state court plaintiffs, this Response is offered on behalf of all eight plaintiffs.

C:\Company\DFF Clients\McCormick, Alison\Pleadings\090908 Plaintiffs' Response To Motion To Dismiss Of Defendant Rangeley Lake Resort Development Company LLC.doc

1

I. **The Plaintiffs' state law claims are not preempted by the Fair Labor Standards Act and the Plaintiffs may present their state law based claim in a Rule 23 class action in the same case where their Fair Labor Standards Act claims proceed as an FLSA "collective action."**

The defendant asserts in its Motion that the plaintiffs' state law claims are preempted by the Fair Labor Standards Act because the plaintiffs seek a class action for their state law claims. The notion is that the full protection of the state law claims present an obstacle to the proper accomplishment of the federal law claims. However, the plain fact of the matter is that plaintiffs do have state law claims that can be asserted under the class action procedure of Rule 23. And, the plaintiffs could assert their Rule 23 class action rights in state court simultaneously while pursuing their federal rights in federal court. Such a dual, simultaneous procedure would be duplicative and wasteful to both parties and unnecessarily complicated for both courts.

It is for that reason that federal courts have allowed such cases to proceed where the plaintiffs assert their right to have a collective action to enforce their Fair Labor Standards Act rights and a class action under Rule 23 to enforce their state law rights. *McLaughlin v. Liberty Mutual Insurance Company,* 224 FRD 304 (D. Mass. 2004) makes that clear. The court allowed both types of collective action (federal "opt in" and state "opt out") to proceed. Two plaintiffs employed by Liberty Mutual Insurance Company as auto damage appraisers brought an overtime pay class action under both the Fair Labor Standards Act and under the Massachusetts state overtime law. Their Fair Labor Standards Act collective action (opt in) was allowed to proceed when only thirteen members of the class elected to opt in. The court then allowed the case to proceed as a Rule 23 (opt out) class action under the state statute. The court held squarely that an employee's failure to opt in to the Fair Labor Standards Act litigation should not deprive them of their right to benefit from a state law remedy through an opt out class action. The court reasoned:

C:\Company\DFF Clients\McCormick, Alison\Pleadings\090908 Plaintiffs' Response To Motion To Dismiss Of Defendant Rangeley Lake Resort Development Company LLC.doc

2

> By enacting an opt-in regime for the FLSA, Congress sought to limit the scope of collective actions under federal law. See De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 306 (3d Cir. 2003) (describing the concern of Congress over increasing litigation due to an expansive interpretation of liability under FLSA by the Supreme Court). I should not, however, infer from that restriction on *federal* remedies a concomitant restriction on *state* remedies. Nothing in the statute limits available remedies under state law. See 29 U.S.C. § 216(b) (creating the opt-in class action mechanism for FLSA)**.** Nor should I infer from an employee's election not to pursue a federal remedy a forfeiture of that employee's right to pursue a state remedy. Requiring the employees who have not opted in to the FLSA claim to pursue duplicative litigation in state court would be a waste of judicial resources and would increase litigation costs for the parties, perhaps prohibitively so for the remaining putative class members. Thus, the class should be considered to include all 51 employees, and not just the 13 that have joined the FLSA action.

Id at 308. The Massachusetts Federal District Court in *McLaughlin* joined a long line of decisions from other circuits to the same effect. *Ansoumana v. Gristede's Operating Corp.,* 201 F.R.D. 81 (S.D.N.Y. 2001) (certifying a Rule 23 New York state claim class action in suit in which an FLSA class had already been conditionally certified); *Beltran-Benitez v. Sea Safari. Ltd..* 180 F. Supp. 2d 772 (E.D.N.C. 2001) (Rule 23 "opt-out" requirement can be reconciled with the FLSA "opt-in" procedure); *Breeden v. Benchmark Lending Group. Inc..* 229 F.R.D. 623 (N.D. Cal. 2005) (Conti, J.) (conditionally certifying an FLSA collective action and certifying a Rule 23 California state wage law class action); *Brzvchnalski v. Unesco. Inc..* 35 F.Supp.2d 351, 354 (S.D.N.Y. 1999) (granting authorization to pursue collective action for FLSA claims and class certification for New York State claims under Rule 23). *In re Farmers Ins. Exchange Claims Representative Overtime Pay Litigation,* 2003 WL 23669376 (D. Or. 2003) (certifying a Rule 23 class action under Colorado, Illinois, Michigan, Minnesota, New Mexico, Oregon, and Washington state law in action that had been conditionally certified under the FLSA); *Kelly v. SBC. Inc..* 1998 U.S. Dist LEXIS 18643 at *38 (N.D. Cal. 1998) (FLSA not a bar to a Rule 23 "opt-out" class certification of state Unfair Competition Law claims predicated on FLSA violations); *Ladegaard v.*

*Hard Rock Concrete Cutters. Inc.* 2000 WL 1774091 (N.D. Ill. 2001) (certifying a Rule 23 class action under Illinois state law despite the availability of FLSA remedies); *Lee v. ABC Carpet & Home.* 236 F.R.D. 193 (S.D.N.Y. 2006) (certifying both FLSA collective action and Rule 23 New York state law class action); *Mascol v. E & L Transp.. Inc..* 2005 WL 1541045 (E.D.N.Y. 2005) (certifying Rule 23 New York state law class action in suit in which FLSA collective action had already been certified); *Mendez v. Radec Corp..* 411 F. Supp. *2d* 347 (W.D.N.Y. 2006) (outlining Court's orders to certify both FLSA collective action and Rule 23 New York state law class action); *Morton v. Valley Farm Transportation, Inc.,* 2007 WL 1113999 (N.D. Cal. 2007) (Illston, J.) (certifying both an FLSA collective action and a Rule 23 California wage law class action); *O'Brien v. Encotech Construction Services. Inc.,* 203 F.R.D. 346 (N.D. 111. 2001) (simultaneously certifying an FLSA collective action and a Rule 23 Illinois state law class action); *Ramirez v. RDO-BOS Farms. LLC,* 2007 WL 273604 (D. Or. 2007) (certifying a Rule 23 Oregon state law class action when conditional certification had already been granted on plaintiffs' FLSA claims); *Recinos-Recinos v. Express Forestry. Inc.,* 233 F.R.D. 472 (E.D. La. 2006) (conditionally certifying FLSA collective action and Rule 23 Louisiana state law class action); *Scott v. Aetna Services. Inc..* 210 F.R.D. 261 (D. Conn. 2002) (denying motion to decertify FLSA collective action and granting motion to certify Rule 23 Connecticut state law class action); *Trinidad v. Breakaway Courier Systems. Inc.,* 2007 WL 103073 (S.D.N.Y. 2007) (granting plaintiffs' motion for conditional certification under the FLSA and certification of a Rule 23 New York state law class action); *Trotter v. Perdue Farms, Inc..* 2001 WL 1002448 (D. Del. 2001) (certifying FLSA collective action and Rule 23 class actions under Delaware, Kentucky, Maryland, North Carolina, and South Carolina state law); *Westerfield v. Washington Mutual Bank,* 2007 WL 2162989 (E.D.N.Y. July 26, 2007) (denying defendant's motion to dismiss and holding

that supplemental jurisdiction exists over multiple states laws allowing plaintiffs to bring both FLSA and Rule 23 claims simultaneously).

It is apparent, therefore, that this Court has the power to allow both sorts of collective actions, upon appropriate factual showings, to go forward in this case. It is certainly premature to rule out either one of these sorts of class action until such time as the plaintiffs have had an opportunity to demonstrate to the Court that one, or both, of the procedures is appropriate in this case. The decision as to the type of collective action appropriate in this case is premature. Initial disclosures have not even been made, nor has discovery been commenced. There is no basis for the defendant's request that the Court actually dismiss the state law claims because they are allegedly preempted by the Fair Labor Standards Act. See the Motion To Dismiss, page 9. Even if this Court were to conclude that it did not want to entertain simultaneous collective actions under Rule 23 and under §216(b) of the Fair Labor Standards Act, it does not follow that one type of collective action on the present state of the record over the other should as a matter of law be preferred. Indeed, the plaintiffs could, in the event that the Court does not want to entertain both types of group actions, decide not to pursue the Fair Labor Standards Act collective action, but rather to pursue the class action under Rule 23. In such a setting, it could hardly be maintained that there is any conflict with any congressional intent by allowing the plaintiffs to pursue their *state* cause of action which the defendants themselves have removed to this Court. See *Hernandez v. Gatto Indus. Platers, Inc.,* No. 08 C 2622, 2009 WL 1173327, at *3 (N.D. Ill. Apr. 28, 2009) permitting class certification on state-law claim while plaintiffs pursue individual FLSA claims because Congress did not intend the FLSA to preempt state wage and overtime laws).

C:\Company\DFF Clients\McCormick, Alison\Pleadings\090908 Plaintiffs' Response To Motion To Dismiss Of Defendant Rangeley Lake Resort Development Company LLC.doc

5

### II. The court should not at this early stage of a litigation decide whether plaintiffs have satisfied the requirements of F. R. Civ. P. 23.

*A.   Rule 23 requires the Court to make a rigorous analysis of whether a class action is appropriate.*

Rule 23 requires the Court to determine whether to certify an action as a class action "at an early practical time." The timing of that determination must be both "early" and "practicable." Fed. R. Civ. P.23(c)(1)(A). Usually the district courts allow discovery relevant to determining whether the requirements of Rule 23 are satisfied and whether the action should be maintained under the rule. Indeed, the District Court may abuse its discretion by failing to allow discovery. *Yaffe v. Powers,* 454 F2d 1362, 1364 (1st Cir. 1972). The Court has broad discretion on what amount of discovery and what kind of discovery to permit. Although one of the purposes of the rule is to protect defendants from prejudice caused by late expansion of a class (see *Andrews v. Bechtel Power Corp.,* 780 F2d 124, 131 (1st Cir. 1985), the Court must balance the desire of one party to have early determination of class action status with the need of both parties to develop information to allow the Court to make its analysis.

*B.   At the present stage of this litigation it is too soon for the Court to decide, pro or con, regarding the plaintiffs' desire for a class action.*

Because the Court must have sufficient information to make the determinations required by Rule 23, in the present status of this litigation it would not be proper to make the certification decision at this time. As the defendant points out in their Motion there is a paucity of information in the Complaint regarding the necessary considerations in the determination of a class action. This paucity of information is due principally to the present status of the case. Rule 26(d) prohibits the parties from taking discovery until after the initial meeting required by Rule

C:\Company\DFF Clients\McCormick, Alison\Pleadings\090908 Plaintiffs' Response To Motion To Dismiss Of Defendant Rangeley Lake Resort Development Company LLC.doc

6

26(f). The initial meeting has not occurred. Therefore, the defendant has not been required to respond to any discovery that would aid in the class action determination.[2]

### C. *A Motion To Dismiss is not the proper vehicle for deciding whether a class action should proceed.*

Defendant Rangeley's Motion assumes that the allegations in a putative class action Complaint must be detailed and set forth all of the requirements of Rule 23 and how each of them are factually supported. However, the law is otherwise:

> …the allegations in class action complaints should be evaluated like any other pleadings in federal courts. Pleadings must provide fair notice of the claims asserted, but nothing more. Rule 8(a) requires only that the pleading put the defendants on notice that the plaintiffs seek class wide relief.

MOORE, FEDERAL PRACTICE §23.61 [I] (3rd Edition 2007). Pleading requirements are distinct from requirements for certifying a case as a class action. The Court should not rely solely on the Complaint to establish whether to certify a class action, as the defendants request. *Gillibeau v. City of Richmond,* 417 F2d 426, 432 (9th Cir. 1969). Unlike the procedure required by Rule 12(b)(6) the Court does not accept the class allegations in the Complaint as true, even if they recited in perfect detail all the requirements of Rule 23. Therefore, the procedure under 12(b)(6) is wholly inapplicable to the Court's task of deciding whether a case should or should not proceed as a class action.

### D. *The Court should allow further pleading of the class action allegations.*

---

[2] This lack of discovery information exists at present in spite of the fact that along with the Complaint filed in state court the defendants were served with requests for production, interrogatories, and requests for admission, which inquired in depth regarding the class action certification issues regarding class size and defendants' policies, practices, and procedures regarding the payment of compensation. Since the Notice of Removal suspended the obligation under state law to respond, the plaintiff presently lacks the necessary information to prove class action status.

Even if this Court were to conclude contrary to the view expressed above, that the plaintiffs have failed to plead their class claims adequately, it does not follow that there should be a denial of class certification. Rather, the Court may allow the plaintiffs to amend their Complaint pursuant to Rule 15(a)(2) or, to follow the more usual procedure of awaiting, or requiring by a certain time, the filing of a class action motion by the plaintiffs with supportive materials. See MOORE, FEDERAL PRACTICE (3rd Edition §26.61 [II]); *Batsakis v. FDIC,* 670 F. Supp. 749, 757-758 (W.D. Mich. 1987); *Jiron v. Sperry Rand Corp.,* 423 F. Supp. 155, 167 (D. Utah 1975).

### III.   The Complaint states a claim under state law.

Defendant Rangeley contends that the plaintiffs have not alleged the existence of an employment contract, nor specified the activities that the plaintiffs performed. In fact, the original Complaint alleges in several paragraphs (see for example 3, 5, 8, 10) that the plaintiffs were "employed" by the defendants and that they were "salespersons." This is clearly sufficient to put the defendant on notice if they wish to defend on the basis that the plaintiffs were not their employees or salespersons. The state statute defines "employee" as "any individual employed or permitted to work by an employer….". §663(3). The statute then specifies certain "individuals [who] shall be exempt from this subchapter". Defendant is correct that some sales employees are exempt under the statute under certain conditions. See Rangeley Motion To Dismiss at page 19. However, exemptions are affirmative defenses under Rule 8(c). The First Circuit decided long ago that exemptions under the Fair Labor Standards Act must be pleaded affirmatively. *See Schmidtke v. Conesa,* 141 F.2d 634, 635 (1st Cir. 1944). The First Circuit explained as follows:

C:\Company\DFF Clients\McCormick, Alison\Pleadings\090908 Plaintiffs' Response To Motion To Dismiss Of Defendant Rangeley Lake Resort Development Company LLC.doc

8

> Since the Act is in its nature remedial, its exemptions are to be strictly construed and one claiming their benefit must bring his case within both their letter and spirit. From this and also according to ordinary principles of pleading it follows that a plaintiff, in order to state a cause of action under the Act, is not required to allege that its exemptions are inapplicable. Exemption is a matter which must be alleged as a special defense under Rule 8(c), . . . and this the defendant did not even attempt to do. Thus the court below decided this case on an issue which not only had not been raised by the pleadings, but also on one as to which no evidence had been introduced and as to which the court had expressed indifference. This constitutes reversible error.

### IV. The Complaint states a claim under the Fair Labor Standards Act.

Defendant Rangeley contends that the Complaint should be dismissed because the plaintiffs failed to file their "consent in writing" or to have alleged that such a consent exists. See Defendant's Motion To Dismiss at page 20. However, written consents are not required of named plaintiffs. *Allen v. Atlantic Richfield Co.,* 724 F2d 1131, 1134-35 (5th Cir. 1984). It is typical for the trial court to set a cut-of date for the filing of such consents by additional employees beyond the plaintiffs. See *Hoffmann-LaRoche, Inc. v Sperling,* 493 U.S. at 172.

### V. Defendant Rangeley Has Been Properly Served.

Defendant Rangeley seeks the dismissal of this action for insufficient service of process.

This question has been fully discussed in connection with the plaintiffs Motion To Remand and need not be repeated here. Plaintiffs maintain that the removal was untimely because defendant Rangeley was indeed served by the Maine Deputy Sheriff on June 29, 2009. The defendant maintains that it was not served. See DOCKET NOS. 5, 8, and 12.

C:\Company\DFF Clients\McCormick, Alison\Pleadings\090908 Plaintiffs' Response To Motion To Dismiss Of Defendant Rangeley Lake Resort Development Company LLC.doc

9

## **CONCLUSION.**

For each of the above reasons the Motion of Defendant Rangeley to dismiss should be denied.

Dated at Portland, Maine this 8th day of September, 2009.

                                       /s/ Donald F. Fontaine_____
                                       Donald F. Fontaine   Bar No. 424
                                       Law Offices Of Donald F. Fontaine
                                       97 India Street
                                       P.O. Box 7590
                                       Portland, Maine 04112
                                       (207) 879-1300        Fax: 772-6402
                                       dff@fontainelaw.com

                                       Attorney for plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2009, I served a copy of the Plaintiffs' Response To Motion To Dismiss Of Defendant Rangeley Lake Resort Development Company, LLC, using the CM/ECF system which will send notification of such filing(s) to the following:

David J. Perkins, Esq.
Perkins Olson, P.A.
30 Milk Street
P.O. Box 449
Portland, ME 04112-0449
E-mail: dperkins@perkinsolson.com

Mark A. Kearns, Esq.
482 Congress Street, Suite 304
P.O. Box 17915

C:\Company\DFF Clients\McCormick, Alison\Pleadings\090908 Plaintiffs' Response To Motion To Dismiss Of Defendant Rangeley Lake Resort Development Company LLC.doc

10

Portland, Maine 04112
E-mail: mak@newlaws.com

Jonathan W. Yarbrough (pro hac vice)
Constangy, Brooks & Smith, LLP
80 Peachtree Road, Suite 208
Asheville, NC 28803
E-mail: jyarbrough@constangy.com

Ellen C. Kearns (pro hac vice)
Constangy, Brooks & Smith, LLP
75 Arlington Street, Suite 500
Boston, Massachusetts 02116
E-mail: ekearns@constangy.com

Christopher M. Pardo (pro hac vice)
75 Arlington Street, Suite 500
Boston, Massachusetts 02116
E-mail: cpardo@constange.com


Dated: September 8, 2009                    /s/ Donald F. Fontaine
                                            Donald F. Fontaine

                                            Law Offices of Donald F. Fontaine
                                            97 India Street
                                            P.O. Box 7590
                                            Portland, Maine 04112
                                            207-879-1300
                                            dff@fontainelaw.com

                                            Attorney for Plaintiffs