IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

|  |  |
|---|---|
| **ALISON MCCORMICK**, et al, | : Case 2:09-cv-00365-GZS |
| Plaintiffs, | : |
| v. | : |
| **FESTIVA DEVELOPMENT GROUP, LLC** a foreign corporation qualified to do business in the State of Maine and doing business in Portland Maine; and **RANGELEY LAKE RESORT DEVELOPMENT COMPANY, LLC**, a Corporation of the State of Maine doing business in Portland, Maine | : |
| Defendants. | : |

## PLAINTIFFS' RESPONSE TO DEFENDANT FESTIVA'S MOTION TO DISMISS

### INTRODUCTION.

Defendant FESTIVA has moved to dismiss the state law claim of the Complaint for failure to state a claim. This response if filed in opposition to the Motion which appears as Document 14 of the Court's file.[1]

---

[1] FESTIVA's Motion does not identify the specific plaintiffs at whom the Motion is aimed. The Court's docket indicates at present only the four plaintiffs of the original Complaint. The Court, was not provided with the Amended Complaint at the time of removal and the defendant has not yet formally provided the Court with the Amended Complaint as part of the state court record. Nor had defendant Rangeley formally removed to this Court the cases of the four additional plaintiffs. The Court does have a copy of the Amended Complaint, submitted as Document 5-4 attached to Plaintiffs' Motion To Remand (DOCKET NO. 5). Because only four plaintiffs appear in the ECF System, some pleadings have been identified as filed on behalf of only those four plaintiffs. If the Court deems that this case has been removed on behalf of all eight state court plaintiffs, this Response is offered on behalf of all eight plaintiffs.

**I.     The claims stated by the Plaintiffs under the Maine minimum wage and overtime statutes state a claim under 26 M.R.S.A. §670 even though they do not allege a demand by the Plaintiffs for payment.**

Defendant FESTIVA contends that the Complaint is fatally defective because it does not allege that the plaintiffs made a demand for the payment of their wages.  The defendant apparently mistakes the statute under which this case is brought.  It is brought pursuant to 26 M.R.S.A. §670.  This statute is part of Subchapter III  ("Minimum Wages") of Chapter 7 of Title 26 of the Maine statutes.  Subchapter III mandates the payment of a certain level of minimum wages for Maine employees.  There is no requirement under Subchapter III that a plaintiff, prior to suit, make a demand for the payment of minimum wages.  Indeed, the wage levels are mandated by law.

In contrast, Subchapter II ("Wages and Medium of Payment") of  Chapter 7 concern the payment of wages to employees at a level agreed upon in their employment contract – as opposed to the payment of minimum wages mandated by state law.  Such suits do require a demand prior to suit, but this case is not brought pursuant to Subchapter II.  Under Maine law the remedy for unpaid overtime wages falls under 26 M.R.S.A. §670 rather than 26 M.R.S.A. §626-A.  *Avery v. Kennebec Millwork,* 2004 ME 147 P9-10, 861 A.2d 634-37.

**II.    The Plaintiffs' state law claims are not preempted by the Fair Labor Standards Act and the Plaintiffs may present their state law claim in a Rule 23 class action in the same case where their Fair Labor Standards Act claims proceed as an FLSA "collective action."**

The defendant asserts in its Motion that the plaintiffs' state law claims are preempted by the Fair Labor Standards Act because the plaintiffs seek a class action for their state law claims.  The notion is that the full protection of the state law claims present an obstacle to the proper accomplishment of the federal law claims.  However, the plain fact of the matter is that plaintiffs

do have state law claims that can be asserted under the class action procedures of Rule 23 of the state or federal rules.  And, the plaintiffs could assert their state law rights in a  Rule 23 class action in state court simultaneously while pursuing their federal FLSA rights in federal court.  Such a dual, simultaneous procedure in two courts at once would be duplicative and wasteful to both parties and unnecessarily complicated for both courts.

It is for that reason that federal courts have allowed such cases to proceed where the plaintiffs assert their right to have a collective action to enforce their Fair Labor Standards Act rights and a class action under Rule 23 to enforce their state law rights. *McLaughlin v. Liberty Mutual Insurance Company,* 224 FRD 304 (D. Mass. 2004) makes that clear.  The court allowed both types of collective action (federal "opt in" and state "opt out") to proceed.  Two plaintiffs employed by Liberty Mutual Insurance Company as auto damage appraisers brought an overtime pay class action under both the Fair Labor Standards Act and under the Massachusetts state overtime law.  Their Fair Labor Standards Act collective action (opt in) was allowed to proceed when only thirteen members of the class elected to opt in.  The court then allowed the case to proceed as a Rule 23 (opt out) class action under the state statute.  The court held squarely that an employee's failure to opt in to the Fair Labor Standards Act litigation should not deprive them of their right to benefit from a state law remedy through an opt out class action.  The court reasoned:

> By enacting an opt-in regime for the FLSA, Congress sought to limit the scope of collective actions under federal law. See De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 306 (3d Cir. 2003) (describing the concern of Congress over increasing litigation due to an expansive interpretation of liability under FLSA by the Supreme Court). I should not, however, infer from that restriction on *federal* remedies a concomitant restriction on *state* remedies. Nothing in the statute limits available remedies under state law. See 29 U.S.C. § 216(b) (creating the opt-in class action mechanism for FLSA)**.** Nor should I infer from an employee's election not to pursue a federal remedy a forfeiture of that employee's right to pursue a state

> remedy. Requiring the employees who have not opted in to the FLSA claim to pursue duplicative litigation in state court would be a waste of judicial resources and would increase litigation costs for the parties, perhaps prohibitively so for the remaining putative class members. Thus, the class should be considered to include all 51 employees, and not just the 13 that have joined the FLSA action.

Id at 308. The Massachusetts Federal District Court in *McLaughlin* joined a long line of decisions from other circuits to the same effect. *Ansoumana v. Gristede's Operating Corp.,* 201 F.R.D. 81 (S.D.N.Y. 2001) (certifying a Rule 23 New York state claim class action in suit in which an FLSA class had already been conditionally certified); *Beltran-Benitez v. Sea Safari. Ltd..* 180 F. Supp. 2d 772 (E.D.N.C. 2001) (Rule 23 "opt-out" requirement can be reconciled with the FLSA "opt-in" procedure); *Breeden v. Benchmark Lending Group. Inc..* 229 F.R.D. 623 (N.D. Cal. 2005) (Conti, J.) (conditionally certifying an FLSA collective action and certifying a Rule 23 California state wage law class action); *Brzvchnalski v. Unesco. Inc..* 35 F.Supp.2d 351, 354 (S.D.N.Y. 1999) (granting authorization to pursue collective action for FLSA claims and class certification for New York State claims under Rule 23). *In re Farmers Ins. Exchange Claims Representative Overtime Pay Litigation,* 2003 WL 23669376 (D. Or. 2003) (certifying a Rule 23 class action under Colorado, Illinois, Michigan, Minnesota, New Mexico, Oregon, and Washington state law in action that had been conditionally certified under the FLSA); *Kelly v. SBC. Inc..* 1998 U.S. Dist LEXIS 18643 at *38 (N.D. Cal. 1998) (FLSA not a bar to a Rule 23 "opt-out" class certification of state Unfair Competition Law claims predicated on FLSA violations); *Ladegaard v. Hard Rock Concrete Cutters. Inc.* 2000 WL 1774091 (N.D. Ill. 2001) (certifying a Rule 23 class action under Illinois state law despite the availability of FLSA remedies); *Lee v. ABC Carpet & Home.* 236 F.R.D. 193 (S.D.N.Y. 2006) (certifying both FLSA collective action and Rule 23 New York state law class action); *Mascol v. E & L Transp.. Inc..* 2005 WL 1541045 (E.D.N.Y. 2005) (certifying Rule 23 New York state law class action in suit in which FLSA collective action had

already been certified); *Mendez v. Radec Corp.,* 411 F. Supp. *2d* 347 (W.D.N.Y. 2006) (outlining Court's orders to certify both FLSA collective action and Rule 23 New York state law class action); *Morton v. Valley Farm Transportation, Inc.,* 2007 WL 1113999 (N.D. Cal. 2007) (Illston, J.) (certifying both an FLSA collective action and a Rule 23 California wage law class action); *O'Brien v. Encotech Construction Services. Inc.,* 203 F.R.D. 346 (N.D. 111. 2001) (simultaneously certifying an FLSA collective action and a Rule 23 Illinois state law class action); *Ramirez v. RDO-BOS Farms. LLC,* 2007 WL 273604 (D. Or. 2007) (certifying a Rule 23 Oregon state law class action when conditional certification had already been granted on plaintiffs' FLSA claims); *Recinos-Recinos v. Express Forestry. Inc.,* 233 F.R.D. 472 (E.D. La. 2006) (conditionally certifying FLSA collective action and Rule 23 Louisiana state law class action); *Scott v. Aetna Services. Inc.,* 210 F.R.D. 261 (D. Conn. 2002) (denying motion to decertify FLSA collective action and granting motion to certify Rule 23 Connecticut state law class action); *Trinidad v. Breakaway Courier Systems. Inc.,* 2007 WL 103073 (S.D.N.Y. 2007) (granting plaintiffs' motion for conditional certification under the FLSA and certification of a Rule 23 New York state law class action); *Trotter v. Perdue Farms, Inc.,* 2001 WL 1002448 (D. Del. 2001) (certifying FLSA collective action and Rule 23 class actions under Delaware, Kentucky, Maryland, North Carolina, and South Carolina state law); *Westerfield v. Washington Mutual Bank,* 2007 WL 2162989 (E.D.N.Y. July 26, 2007) (denying defendant's motion to dismiss and holding that supplemental jurisdiction exists over multiple states laws allowing plaintiffs to bring both FLSA and Rule 23 claims simultaneously).

It is apparent, therefore, that this Court has the power to allow both sorts of collective actions, upon appropriate factual showings, to go forward in this case. It is certainly premature to rule out either one of these sorts of class action until such time as the plaintiffs have had an

opportunity to demonstrate to the Court that one, or both, of the procedures is appropriate in this case.  The decision as to the type of collective action appropriate in this case is premature.  Initial disclosures have not even been made, nor has discovery been commenced.  There is no basis for the defendant's request that the Court actually dismiss the state law claims because they are allegedly preempted by the Fair Labor Standards Act.  Even if this Court were to conclude that it did not want to entertain simultaneous collective actions under Rule 23 and under §216(b) of the Fair Labor Standards Act, it does not follow that one type of collective action on the present state of the record over the other should as a matter of law be preferred.  Indeed, the plaintiffs could, in the event that the Court does not want to entertain both types of group actions, decide not to pursue the Fair Labor Standards Act collective action, but rather to pursue the class action under Rule 23.  In such a setting, it could hardly be maintained that there is any conflict with any congressional intent by allowing the plaintiffs to pursue their *state* cause of action which the defendants themselves have removed to this Court.  See *Hernandez v. Gatto Indus. Platers, Inc.,* No. 08 C 2622, 2009 WL 1173327, at *3 (N.D. Ill. Apr. 28, 2009) permitting class certification on state-law claim while plaintiffs pursue individual FLSA  claims because Congress did not intend the FLSA to preempt state wage and overtime laws).

## **CONCLUSION.**

For each of the above reasons the Motion of Defendant FESTIVA to dismiss should be denied.

Dated at Portland, Maine this  10th day of September, 2009.

/s/ Donald F. Fontaine_____

          Donald F. Fontaine    Bar No. 424
          Law Offices Of Donald F. Fontaine
          97 India Street
          P.O. Box 7590
          Portland, Maine 04112
          (207) 879-1300       Fax: 772-6402
          dff@fontainelaw.com

          Attorney for plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2009, I served a copy of the Plaintiffs' Response To Defendant FESTIVA's Motion To Dismiss using the CM/ECF system which will send notification of such filing(s) to the following:

David J. Perkins, Esq.
Perkins Olson, P.A.
30 Milk Street
P.O. Box 449
Portland, ME 04112-0449
E-mail: dperkins@perkinsolson.com

Mark A. Kearns, Esq.
482 Congress Street, Suite 304
P.O. Box 17915
Portland, Maine 04112
E-mail: mak@newlaws.com

Jonathan W. Yarbrough (pro hac vice)
Constangy, Brooks & Smith, LLP
80 Peachtree Road, Suite 208
Asheville, NC 28803
E-mail: jyarbrough@constangy.com

Ellen C. Kearns (pro hac vice)
Constangy, Brooks & Smith, LLP
75 Arlington Street, Suite 500

Boston, Massachusetts 02116
E-mail: ekearns@constangy.com

Christopher M. Pardo (pro hac vice)
75 Arlington Street, Suite 500
Boston, Massachusetts 02116
E-mail: cpardo@constange.com

Dated: September 10, 2009 /s/ Donald F. Fontaine
Donald F. Fontaine

Law Offices of Donald F. Fontaine
97 India Street
P.O. Box 7590
Portland, Maine 04112
207-879-1300
dff@fontainelaw.com

Attorney for Plaintiffs