UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALISON McCORMICK, et al.,                )<br>                                                            )<br>            Plaintiffs                          )<br>                                                            )<br>v.                                                       )<br>                                                            )<br>FESTIVA DEVELOPMENT               )<br>GROUP, LLC,                                   )<br>                                                            )<br>            Defendants                       ) | Civil No. 09-365-P-S |

## RECOMMENDED DECISION ON MOTION FOR REMAND

The plaintiffs seek remand of this case to the Maine Superior Court, Cumberland County, arguing, *inter alia*, that the removal to this court was untimely. *See* Plaintiffs' Motion To Remand ("Motion To Remand") (Docket No. 5). For the reasons that follow, I recommend that the motion be granted and that two pending motions to dismiss filed by the defendants, *see* Defendant Rangeley Lake Development Group, LLC's Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6) ("Rangeley Motion") (Docket No. 7); Defendant Festiva's Motion To Dismiss ("Festiva Motion") (Docket No. 14), be deemed moot.

### I. Applicable Legal Standards

The plaintiffs invoke 28 U.S. 1446(b), which provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). "Failure to follow the removal procedures set forth in section 1446 invokes the remand provisions of 28 U.S.C. § 1447(c)[.]" *Heller v. Allied Textile Cos., Ltd.*, 276

1

F. Supp.2d 175, 180 (D. Me. 2003). "Section 1447(c) allows for the filing of a motion to remand within thirty days of the notice of removal 'on the basis of any defect in removal procedure.'" *Id.*[1]

The defendant bears "the burden of showing that removal was proper[.]" *Fayard v. Northeast Vehicle Servs., LLC*, 533 F.3d 42, 48 (1st Cir. 2008). Among the elements of removal that a defendant must prove by a preponderance of the evidence is its timeliness. *See, e.g., Kingsley v. Lania*, 221 F. Supp.2d 93, 95 (D. Mass. 2002) ("[U]pon a motion to remand, the burden is upon the removing party to show that federal subject matter jurisdiction exists, that removal was timely, and that removal was proper. Removal statutes should be strictly construed against removal and doubts resolved in favor of remand.") (citation and internal punctuation omitted); *Aerio, Inc. v. Curricula, LLC*, No. C08-4788 BZ, 2009 WL 29928, at *1 (N.D. Cal. Jan. 5, 2009) ("Having weighed the evidence submitted by both parties, I find that defendant has not satisfied its burden of establishing that removal was timely and therefore proper. At best, the competing declarations offset each other, so defendant has not established its version of the facts by a preponderance of the evidence. At worst, plaintiff's strong evidence that Cowan was served on September 16, 2008 at 4:30 p.m. is more persuasive than defendant's deduction that it 'must have been served on either September 17 or 18, 2008' based on Cowan's time sheets.").

"Although it is not jurisdictional, the thirty-day time limit of [section 1446(b)] is construed strictly." *Wolf v. Cullen*, Civil No. 08-333-P-H, 2008 WL 5003051, at *1 (D. Me. Nov. 19, 2008). It "cannot be extended by consent of the parties or order of the court." *Hill v. Phillips, Barratt, Kaiser Eng'g Ltd.*, 586 F. Supp. 944, 945 (D. Me. 1984) (citations and internal quotation marks omitted).

---

[1] The Motion To Remand was filed on August 18, 2009, *see* Motion To Remand, only six days after the filing of the notice of removal on August 12, 2009, *see* Notice of Removal to Federal District Court ("Notice of Removal") (Docket No. 1).

2

## II. Factual Background

The plaintiffs commenced the instant case on June 26, 2009, with the filing of a complaint in the Superior Court, Cumberland County. *See* Docket Record, *McCormick, et al. v. Festiva Development Group, LLC, et al.*, Docket No. PORSC-CV-2009-00388 (Me. Sup. Ct.) (Docket No. 3). By entry dated July 8, 2009, the Superior Court docketed service of a civil summons upon Rangeley Lake Resort Development Company LLC ("Rangeley Lake") on June 29, 2009, by delivery of a copy to James B. Barnes [sic], agent. *See id.*[2] Deputy Sheriff Thomas Caron filed a return of service indicating that, on June 29, 2009, he served on James B. Barns, agent for Rangeley Lake, the complaint, summons, and four additional listed documents (the plaintiffs' first set of interrogatories, the plaintiffs' first request to produce, a request for admissions, and a Rule 30(b)(6) notice of deposition). *See* Docket No. 3-5.

On August 12, 2009, Rangeley Lake filed a notice of removal in this court stating, in relevant part, that it first received a copy of the complaint by e-mail on July 17, 2009, and that the plaintiffs served discovery, but no complaint, on registered agent Barns on June 29, 2009. *See* Notice of Removal ¶¶ 6-7.[3] Rangeley Lake attached a copy of an e-mail from Barns to Donald F. Fontaine, the plaintiffs' counsel, sent on July 16, 2009, stating:

> I wrote to you a couple of weeks ago to let you know that I was served with discovery requests but no complaint. Without a complaint I cannot make a response and do not believe the entity I am a registered agent for is obligated to respond. Can you let me know if you will be serving a complaint?

---

[2] Rangeley Lake refers to itself variously as "Rangeley Lake Resort Development Co.," "Rangeley Lake Resort Development Company, LLC," and "Rangeley Lake Development Group, LLC." *See, e.g.*, Defendant Rangeley Lake Development Group, LLC's Objection to Plaintiffs' Motion To Remand ("Remand Opposition") (Docket No. 8) at 1, 6. For purposes of the instant motion, no party has made an issue of these nomenclature discrepancies. *See generally id.*; Motion To Remand; Plaintiffs' Reply to Defendant Rangeley's Opposition to Motion to Remand ("Remand Reply") (Docket No. 15).

[3] Rangeley Lake misstated the date of service of process as June 25, 2009. *See* Notice of Removal ¶¶ 6-7; Remand Opposition at 5; Affidavit of James B. Barns in Support of Defendant Rangeley Lake Development Group, LLC's Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6) ("Barns Aff."), attached thereto, ¶ 2.

Exh. A to *id*. Rangeley Lake also attached a copy of an e-mail from Fontaine to Barns dated July 17, 2009, stating: "I have been on vacation since July 8. Enclosed is the complaint." *Id*.

In filing the Motion To Remand, Fontaine represented in a footnote that he received no communication concerning the complaint prior to Barns' e-mail of July 16, 2009. *See* Motion To Remand at 2 n.1. With its opposing brief, Rangeley Lake submitted an affidavit of Barns, stating, under oath:

1. I am the Registered Agent for Rangeley Lake Development Group, LLC. I have personal knowledge of the facts stated herein.

2. On June 29, 2009, I received service of a copy of a Summons and Discovery requests (Plaintiff's First Set of Interrogatories, Plaintiffs' Request for Admissions and Plaintiffs' Request for Production of Documents) from the above-named Plaintiffs Alison McCormick, Sean Foley, Tamra Philbrook and J. Ham Ying; I did not receive a copy of the Complaint. See **Exhibit A** attached hereto [copy of summons and return of service].

3. By letter dated July 7, 2009, I wrote to Plaintiffs' attorney, Attorney Donald F. Fontaine notifying him that I did not receive a copy of the Complaint. See **Exhibit B** attached hereto [copy of letter].

4. Receiving no response to my letter, I wrote to Plaintiff's attorney by e-mail on July 16, 2009, again notifying him that I was not served a copy of the Complaint. See **Exhibit C** attached hereto [copy of Barns' July 16 e-mail to Fontaine].

5. On July 17, 2009, I received an e-mail response from Attorney Fontaine and a copy of the Complaint by e-mail. See **Exhibit D** attached hereto [copy Fontaine's July 17 e-mail to Barns]. July 17, 2009 was the first time I was provided with the Complaint.

Barns Aff. ¶¶ 1-5. In the copy of the July 7, 2009, letter addressed to Fontaine, Barns stated: "We received a Summons and Plaintiffs' First Set of Interrogatories to Defendants, Plaintiffs' First Request to Produce and Plaintiffs' Request for Admissions and Notice of Deposition. However, we did not receive a complaint in this matter. Please serve the complaint upon this office at your convenience." Exh. B to *id*.

4

With their reply brief, the plaintiffs submitted an affidavit of Caron stating, under oath:

1.I am a Deputy Sheriff in the State of Maine. I have been serving process in the State of Maine for 47 years.

2.My routine practice is to carefully review papers that are sent to me to be certain that I have copies of all the documents that I have been asked to serve. I do not go to the person to be served unless I have with me all the papers to be served.

3.I received the Summons and Complaint from Attorney Donald Fontaine's office and served them both on James B. Barns on June 29, 2009. I made my return on the back of the above Summons that was sent to me. It is attached.

Affidavit [of] Deputy Sheriff Thomas Caron ("Caron Aff."), attached to Remand Reply.[4]

### III. Discussion

The 30-day clock for removal of a state action to federal court begins to run upon proper service of the summons and complaint pursuant to applicable state law. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("We read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."); *Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999) ("[W]ithin thirty days of receipt of proper service of the complaint and summons, defendants may remove an action from the state court in which it was

---

[4] The version of the Caron Affidavit filed electronically with the court does not contain the electronic signature of the notary before whom Caron swore to the truth of his statements. *See* Caron Aff. Per this court's Administrative Procedures Governing the Filing and Service by Electronic Means, attorneys who electronically file affidavits are required to "retain the original for future production, if necessary, for two (2) years after the expiration of the time for filing a timely appeal." Administrative Procedures Governing the Filing and Service by Electronic Means § (h)(3). At my request, Attorney Fontaine provided the original of the Caron Affidavit, which I confirmed is properly signed and notarized.

filed to the appropriate federal district court, provided that the defendant can show some basis for federal jurisdiction.") (citations omitted); *Lassiter v. Coxcom, Inc.*, No. 08-CV-1561-H (CAB), 2008 WL 4646334, at *2 (S.D. Cal. Oct. 20, 2008) ("The sufficiency of service of process before removal from state court is determined under state law.").

The Maine Rules of Civil Procedure provide, in relevant part, that "[t]he summons and complaint shall be served together" and that service may be made "[b]y a sheriff or a deputy within the sheriff's county[.]" Me. R. Civ. P. 4(c)(2) & (d). "The person serving the process shall make proof of service thereof on the original process or a paper attached thereto for that purpose, and shall forthwith return it to the plaintiff's attorney." Me. R. Civ. P. 4(h). "The plaintiff's attorney shall, within the time during which the person served must respond to the process, file the proof of service with the court." *Id.*

"The return of service of process by an officer should be given a presumption of regularity which may be overturned by positive evidence that the defendant was not in fact served." *Vargelis v. Minieri*, 620 A.2d 275, 276 (Me. 1993) (citation and internal quotation marks omitted). That Barns swears that he did not *receive* a copy of the complaint does not necessarily contradict Caron's evidence that he did in fact *serve* a copy of the complaint on Barns on June 29, 2009. For example, at any time between June 29 and Barns' letter of July 7, the original packet from Caron could have been separated in Barns' office for filing, copying, or any other routine purpose, and the complaint simply misplaced. Thus, it is questionable whether Barns' evidence suffices to rebut the presumption of regularity afforded Caron's return of service. Nonetheless, even assuming *arguendo* that Barns' evidence suffices to do so, I conclude

on the totality of the evidence presented that Rangeley Lake falls short of meeting its burden of proving the propriety of the instant removal.[5]

The plaintiffs do not rest solely on Caron's return of service: They introduce an affidavit in which he swears under oath that he has been serving process in Maine for 47 years, that his routine practice is to carefully review papers that are sent to him to be certain that he has copies of all of the documents that he has been asked to serve, that he does not go to the person to be served unless he has with him all of the papers to be served, and, most powerfully, that he received the summons and complaint from Fontaine's office and served them *both* on Barns on June 29, 2009. *See* Caron Aff.

Barns acknowledges that service of process was in fact made on him, as agent for Rangeley Lake, on June 29, 2009. *See* Barns Aff. ¶¶ 1-2. While he avers that he did not receive a copy of the complaint, he conspicuously does *not* state that he immediately and carefully checked the documents served upon him that day. *See generally* Barns Aff. Nor does he set out when he discovered that the complaint was missing. *See id*. He did not communicate its non-receipt until July 7 at the earliest, a fact from which one reasonably could infer that he did not make the discovery until some days after the service was accomplished. In the interim, the complaint, once having been served as Caron swears it was, could have gone missing for a host of reasons.

In short, because (i) the removal statutes are strictly construed, (ii) the defendant has the burden of proving the propriety of removal, and (iii) Rangeley Lake's evidence concerning the insufficiency of process served on June 29, 2009, either fails to rebut the presumption of regularity that attaches to a deputy sheriff's return of service or, alternatively, falls short of

---

[5] The parties did not seek an evidentiary hearing to resolve any dispute of fact concerning the service effectuated on June 29, 2009. *See generally* Motion To Remand; Remand Opposition. On the record presented, I also see no necessity for such a hearing.

demonstrating, by a preponderance of the evidence, that the plaintiffs failed to serve the complaint on Barns on June 29, 2009, the instant case should be remanded to the Maine Superior Court, Cumberland County as requested by the plaintiffs.

### IV.  Conclusion

For the foregoing reasons, I recommend that the Motion To Remand be **GRANTED** and the Rangeley Motion and the Festiva Motion be **DEEMED MOOT**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 27th day of October, 2009.

/s/  John H. Rich III  
John H. Rich III  
United States Magistrate Judge