UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALISON MCCORMICK et al., | Case No. 2:09-cv-00365-GZS |
| Plaintiffs, | |
| v. | **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS MOTION FOR LEAVE TO FILE PROPOSED SECOND AMENDED COMPLAINT** |
| FESTIVA DEVELOPMENT GROUP, LLC | |
| and | |
| RANGELEY LAKE RESORT DEVELOPMENT COMPANY, LLC, | |
| Defendants. | |

Both Defendants Rangeley and Festiva respond to Plaintiffs' motion for leave to file a second amended complaint with unavailing arguments about prejudice, undue delay, and futility. Considering the procedural posture of this case, including the fact that the Court is at present considering motions to dismiss and the lenient "freely given" standard of Rule 15(a), Plaintiffs' motion for leave should be granted.[1]

## ARGUMENT

Defendant Rangeley's cursory response to Plaintiffs' motion relies on the De Butts case as its sole legal authority to claim it would be unduly prejudiced "to permit the Plaintiffs to file an eleventh–hour motion to amend their complaint." (Dkt. 42 at 2 (citing De Butts v. Prince of Fundy Cruises, 792 F. Supp. 130, 131 (D. Me. 1992)). In De Butts, however, the court denied plaintiff's motion for leave to file an amended complaint because the discovery deadline had passed, dates for the designation of experts by the parties had passed, and the matter was

---

[1] Plaintiffs will address each Defendant's objections to Plaintiffs motion in turn.

required to be in order for trial nearly one week after plaintiff filed her motion. Id. In stark contrast, here there has been no scheduling order issued as Defendants have not yet answered. Simply put, Rangeley has shown no prejudice and, consequently, Plaintiffs' motion should be granted.[2]

Defendant Festiva's objections are similarly unpersuasive. Festiva claims that ruling on the pending motions to dismiss before Plaintiffs file their second amended complaint will save resources. Festiva boldly proclaims that Plaintiffs are attempting to "avoid the Court's determination of the two motions to dismiss pending against them," which is simply incorrect. To the contrary, Plaintiffs filed its motion precisely to avoid more delay. Indeed, allowing the Court to consider Plaintiffs' proposed second amended complaint now may moot parts of the motions to dismiss. And the First Circuit has emphasized that the longer a plaintiff waits to amend her complaint, the more likely that a motion for leave to amend the complaint will be denied. See ACA Financial Guaranty Corp. v. Advest, Inc., 512 F.3d 46, 57-58 ( 1st Cir. 2008) (explaining that plaintiffs should not wait for a ruling on defendant's motion to dismiss before moving to amend complaint, because such tactics would "lead to delays, inefficiencies, and wasted work").

Festiva also argues that Plaintiffs' motion for leave is "futile."[3] Plaintiffs acknowledge that Festiva's "incompatibility" and "failure to make a demand" arguments still exist despite the

---

[2] Notably, Rangeley did not argue Plaintiffs' proposed second amended complaint would be futile, which suggests that Rangeley believes the proposed second amended complaint sufficiently addresses at least its argument in the motion to dismiss that Plaintiffs failed to appropriately allege a Rule 23 class. It also suggests that Rangeley will not file a motion to dismiss the second amended complaint (if this motion is granted) pursuant to Rule 12(b)(6).

[3] Festiva's only "futility" arguments include the very same arguments set forth in its motion to dismiss, which suggests that if this motion is granted Festiva will not file a motion to dismiss pursuant to Rule 12(b)(6) on any new amendments raised by Plaintiffs' proposed second amended complaint.

2

proposed second amended complaint. By filing this motion, Plaintiffs do not intend to preclude this Court from deciding the futility arguments by Festiva whether in connection with this motion or the motions to dismiss.[4] But for the same reasons such arguments fail in the motion to dismiss context, they fail on this motion as well.[5] There is, therefore, no reason to delay ruling on Plaintiffs' motion for leave until after it has ruled on the motions to dismiss.

## CONCLUSION

For all the reasons stated above, Plaintiffs' motion for leave to file the proposed second amended complaint should be granted.

---

[4] Plaintiffs' position is that the proposed second amended complaint partially moots the motions to dismiss (e.g., Rangeley's claim that Plaintiffs failed to meet the prerequisites of Rule 23), and to the extent that it does not, the Court's ruling on the motions to dismiss the existing complaint would have the same application to the proposed second amended complaint as it would the existing complaint. And, because neither defendant argued "futility" on any new amendments raised by the proposed second amended complaint, Plaintiffs do not believe additional briefing related to any motion to dismiss would be necessary if the Court granted Plaintiffs' motion for leave.

[5] For example, in support of its argument that Plaintiffs' state law claims are "inherently incompatible" with their FLSA claims in Festiva's motion to dismiss, it relies on district court cases from Pennsylvania and New Jersey—the limited jurisdictions that have been convinced of the FLSA and Rule 23 incompatibility argument. See Dkt. 14 at 4-5. The "inherently incompatible" theory, however, has even begun to crumble in the only jurisdictions where it ever took hold. More recent cases within the Third Circuit and the District of New Jersey have rejected the "inherently incompatible" argument. See Di Nardo v. Ned Stevens Gutter Cleaning & Installation, Inc., 2008 WL 565765, *2 (D.N.J. 2008) (rejecting the "inherently incompatible" argument previously employed elsewhere in the District of New Jersey); Freeman v. Hoffman-LaRoche, Inc., 2007 U.S. Dist. LEXIS 92589 (D.N.J. 2007) (same); Farhy v. Janney Montgomery Scott, LLC, 2007 WL 1455764 (E.D. Pa. 2007). The inherently incompatible theory has reached the end of its short life.

Dated: January 26, 2009 **NICHOLS KASTER, PLLP**

/s/Reena I. Desai
Matthew H. Morgan, MN Bar No. 304657
morgan@nka.com
(*Admitted pro hac vice*)
Reena I. Desai, MN Bar No. 0388311
 rdesai@nka.com
(*Admitted pro hac vice*)
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone (612) 256-3200
Fax (612) 215-6870

/s/Donald F. Fontaine
LAW OFFICES OF DONALD F. FONTAINE
Donald F. Fontaine
Bar No. 424
97 India Street
P.O. Box 7590
Portland, Maine  04112
Telephone (207) 879-1300
Fax (207) 772-6402
dff@fontainelaw.com

ATTORNEYS FOR PLAINTIFFS

4

**CERTIFICATE OF SERVICE**

      I hereby certify that, on this 26th day of January, 2010, this document was filed with the Clerk of Court through the Court's electronic filing (ECF) system and that ECF will send electronic notice of the filing to the following:

Christopher M. Pardo
cpardo@constangy.com

Ellen C. Kearns
ekearns@constangy.com

Jonathan W. Yarbrough
jyarbrough@constangy.com

Mark A. Kearns
mak@constangy.com
Constangy, Brooks & Smith, LLP
75 Arlington Street
Suite 500
Boston, MA  02116
(617) 849-7884

David J. Perkins
dperkins@perkinsolson.com

Nathan Quinn Collins
qcollins@perkinsolson.com
Perkins Olson
30 Milk Street
PO Box 449
Portland, ME  04112-0449
(207) 871-7159

Dated: January 26, 2010                    /s/Reena I. Desai
                                                Reena I. Desai, MN Bar No. 0388311
                                                (*Admitted pro hac vice*)
                                                4600 IDS Center
                                                80 South 8th Street
                                                Minneapolis, MN 55402
                                                Telephone (612) 256-3200
                                                Fax (612) 215-6870
                                                rdesai@nka.com