UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALISON MCCORMICK, SEAN FOLEY, TAMRA PHILBROOK, J. HAM YING, COURTNEY COONEY, SCOTT ROBINSON, KEITH WEGENER, DENNIS PELCZYNSKI; DEBORAH STROUT; DANIEL TUCKER; MORGAN FINEBERG; MATTHEW BYRON on behalf of themselves and all other similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>FESTIVA DEVELOPMENT GROUP, LLC AND RANGELEY LAKE RESORT DEVELOPMENT COMPANY, LLC,<br><br>Defendants | Case No. 2:09-cv-00365-GZS<br><br>**Plaintiffs' Response to Defendant Rangeley Lake Development Group, LLC's Objection to Magistrate's Recommended Decision Pursuant to Fed. R. Civ. P. 72(b)(2)** |

## **INTRODUCTION**

Defendant Rangeley Lake Resort Development Co.'s ("Rangeley's") objections must be rejected for the same reasons the Magistrate Judge denied Rangeley's Motion to Dismiss. Rangeley argues Plaintiffs' class action claims should be dismissed because the FLSA preempts a Rule 23 class action brought under Maine law, and that a parallel Rule 23 class action would be incompatible with a collective action under the FLSA. Rangeley's arguments are fundamentally flawed and, as the Magistrate Judge correctly decided, not supported by the statutory language or congressional intent. The Court should therefore adopt in full the Recommended Decision on Defendants' Motions to Dismiss ("Recommended Decision").

I.      STANDARD OF REVIEW

Any party may file an objection to a Magistrate Judge's recommendation within ten days of being served a copy. 28 U.S.C. § 636(b)(1)(C). A judge of the court must make a <u>de novo</u> review of those portions of the recommendation to which objection is made. <u>Id.</u>

II.     **PLAINTIFFS' RULE 23 CLASS ACTION BROUGHT UNDER MAINE EMPLOYMENT PRACTICES LAW IS NOT PREEMPTED BY THE FLSA**

Rangeley asserts that "because the FLSA preserves the substantive rights of employees to bring actions to recover for violations of overtime and minimum wage laws, the FLSA preempts the plaintiff-employees' ability to bring a class action under Fed. R. Civ. P. 23 for parallel state claims." Rangeley Objection at 4. Rangeley is wrong.[1]

A state law fails under conflict preemption when "compliance with both the state and federal law is impossible, or when the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." <u>Weaver's Cove Energy</u>, 589 F.3d at 473. Courts "assume that the historic police powers of the States are not to be super[s]eded by Federal Act unless that is the clear and manifest purpose of Congress." <u>Pharm. Research & Mfrs. Of Am. V. Concannon</u>, 249 F.3d 66, 75 (1st Cir. 2001). There is no indication that Congress intended the FLSA to preempt the right of any state to provide greater wage protection to their citizens. In fact the opposite is true because 29 U.S.C. § 218(a) allows states to provide greater protection for their citizen employees than the FLSA. Maine exercised that right here by implementing Section 664(1) of the M.R.S.A. Specifically, Section 664(1) provides that the

---

[1] There are three types of preemption recognized in the First Circuit: express preemption, field preemption, and conflict preemption. <u>Weaver's Cove Energy, LLC v. Rhode Island Coastal Res. Mgmt. Council</u>, 589 F.3d 458, 472-73 (1st Cir. 2009).

Maine minimum wage is $7.50 per hour, which is more than the minimum hourly wage provided by the FLSA. See 29 U.S.C. § 206(a)(1)(C).[2]

Moreover, as the Magistrate Judge noted, "Rangeley falls short of making a persuasive case that parallel class-action claims are preempted. While Congress saw fit to direct that FLSA collective claims be pursued via an opt-in mechanism, it has expressed no opinion regarding the manner in which parallel state-law class action claims should be litigated." Recommended Decision at 16. Rangeley's Objection lacks any persuasive argument in support of its "conflict preemption" assertions as it merely cites inapposite case law from outside the First Circuit. Rangeley Objection at 4 (citing Anderson v. Sara Lee Corp., 508 F.3d 181, 191-195 (4th Cir. 2007); Lopez v. Flight Servs. & Sys., Inc., No. 07-CV-6186 CJS, 2008 U.S. Dist. LEXIS 4744, **13-14, 2008 WL 203028, at 7 (W.D.N.Y. Jan. 23, 2008); Nimmons v. RBC Ins. Holdings (USA) Inc., No. 6:07-cv-2637, 2007 U.S. Dist. LEXIS 94467, **6-7, 2007 WL 4571179, at 2 (D.S.C. Dec. 27, 2007); and Williamson v. General Dynamics Corp., 208 F.3d 1144, 1153 (9th Cir. Cal. 2000)).

In Anderson, the plaintiffs brought common law claims for overtime wages based on contract, negligence, and fraud. 508 F.3d at 187. The plaintiffs argued that once the court found defendant in violation of the FLSA, then plaintiffs could recover under the common law theories of contract, negligence or fraud. 508 F.3d at 193. The plaintiffs relied on the FLSA to provide their substantive rights and looked to state common law claims as a source of remedies for the FLSA violations. Id. The court held that the FLSA preempted the state law claims that were dependent on proof of a violation of the FLSA. Id. at 194. The court, however, did note that the

---

[2] Indeed, the Magistrate Judge was not convinced that Plaintiffs' state claims are "parallel" to their FLSA claims because Maine mandates a higher minimum wage than the FLSA. See Recommended Decision at 16. The Magistrate Judge analyzed Rangeley's preemption argument "assuming *arguendo*" that the state-law and FLSA claims are parallel. Id.

FLSA provided merely a floor requiring protections for workers and that states were allowed to provide greater protections for their employees than those provided under the FLSA.  Id. at 193.  The Anderson court was careful to distinguish the facts from a situation like this one where a state has provided greater substantive wage benefits to its citizens.  Id. (citing 29 U.S.C. § 218(a).)  In this case, Plaintiffs alleged violations of the FLSA and the greater wage and hour protections *explicitly* provided for under Maine labor law.  Compare 26 M.R.S.A. § 664(1) (stating Maine minimum wage of $7.50 per hour) *with* 29 U.S.C. § 206(a)(1)(C) (stating federal minimum wage of $7.25 per hour).  Indeed, the Rule 23 component of this case addresses violations of substantive state law, not remedies for violations of the FLSA—rendering Anderson inapplicable.  See Recommended Decision at n. 8.

Rangeley also relies on Williamson, Lopez and Nimmons.  Rangeley Objection at 4.  All three cases, however, are analogous to the Anderson decision in that the plaintiffs were seeking to assert common law claims for rights statutorily provided for by the FLSA.  Williamson, 208 F.3d 1144, 1153; Lopez, 2008 WL 203028, at *7; Nimmons, 2007 WL 4571179, at *2.  This case is distinguishable for the same reason—Plaintiffs are asserting state statutory rights, not common law remedies.  None of the cases upon which Rangeley relies are persuasive at all.  In fact, case law from courts around the country supports the proposition that the FLSA does *not* preempt state statutory minimum wage and overtime claims.  See Dkt. 16 at 3-5 (Plaintiffs' Opposition/Rangeley); see also Recommended Decision at 12.  The Court should adopt the Recommended Decision and hold that the FLSA does not preempt Rule 23 class action state claims.

**III. PLAINTIFF'S RULE 23 CLASS ACTION BROUGHT UNDER MAINE EMPLOYMENT PRACTICES LAW IS NOT INCOMPATIBLE WITH A COLLECTIVE ACTION PURSUANT TO THE FLSA**

Rangeley also argues that "the conflicting requirements of 'opt-in' (FLSA) and 'opt-out' (Rule 23) violate the intent of the FLSA, because the 'opt-out' provision of Rule 23 must necessarily override the Congressional policy of 'opt-in' reflected in the FLSA." Rangeley Objection at 3. Like its preemption arguments, Rangeley fails to explain why the Court should adopt this clear minority view.[3]

The Magistrate Judge was not persuaded by the cases on which Rangeley still relies, instead finding the McLaughlin case, a recent decision from the District of Massachusetts, much more compelling. The McLaughlin Court rejected the notion that an FLSA opt-in action and Rule 23 opt-out class are inherently incompatible:

> As other courts have noted, the FLSA action and state law remedies are entirely separate rights that may be pursued by the plaintiffs. Thus, [employee's] failure to opt in to the FLSA litigation should not deprive them of their right to pursue a state law remedy through a single class action. By enacting an opt-in regime for the FLSA, Congress sought to limit the scope of collective actions under federal law. I should not, however, infer from that restriction on *federal* remedies a concomitant restriction on *state* remedies. Nothing in the statute [29 U.S.C. § 216(b)] limits available remedies under state law. Nor should I infer from an employee's election not to pursue a federal remedy a forfeiture of that employee's right to pursue a state remedy. Requiring the employees who have not opted in to the FLSA claim to pursue duplicative litigation in state court would be a waste of judicial resources and would increase litigation costs for the parties, perhaps prohibitively so for the remaining putative class members.

McLaughlin v. Liberty Mut. Ins. Co., 224 F.R.D. 304, 308 (D. Mass 2004) (citations omitted) (emphasis in original).

---

[3] In support of its argument that Plaintiffs' state law claims are "inherently incompatible" with their FLSA claims, Rangeley relies on district court cases from Pennsylvania and New Jersey—the limited jurisdictions that have been convinced of the FLSA and Rule 23 incompatibility argument. The "inherently incompatible" theory, however, has even begun to crumble in the only jurisdictions where it ever took hold. More recent cases within the Third Circuit and the District of New Jersey have rejected the "inherently incompatible" argument. See Di Nardo v. Ned Stevens Gutter Cleaning & Installation, Inc., 2008 WL 565765, *2 (D.N.J. Feb. 28, 2008) (rejecting the "inherently incompatible" argument previously employed elsewhere in the District of New Jersey); Freeman v. Hoffman-LaRoche, Inc., 2007 U.S. Dist. LEXIS 92589 (D.N.J. 2007) (same); Farhy v. Janney Montgomery Scott, LLC, 2007 WL 1455764 (E.D. Pa. Apr. 26, 2007). The inherently incompatible theory appears to have reached the end of its short life.

Indeed, section 218(a) allows states to provide greater protection for their citizen employees than the FLSA, explicitly contemplating the coexistence of federal and state wage and hour laws and remedies. The FLSA does not confer any restriction on state remedies, and Congress has taken no steps to suggest otherwise. See 29 U.S.C. § 216(b); see also Recommended Decision at 12 ("Had Congress, at any time since 1947, perceived the use of an opt-out mechanism to vindicate state-law rights as creating an irreconcilable conflict with the use of the mandated opt-in mechanism to vindicate FLSA rights, it could have legislated the use of the opt-in mechanism for wage and hour litigation, whether state or federal, in federal court.") Because FLSA collective actions and Rule 23 class actions are indeed compatible, the Court should reject Rangeley's argument and adopt the Magistrate Judge's Recommended Decision.

## CONCLUSION

Rangeley has failed to demonstrate that Plaintiffs' state claims should be dismissed due to preemption by or incompatibility with the FLSA. Indeed, the majority of jurisdictions have rejected such arguments, and this Court should do the same. Plaintiffs respectfully request that the Court adopt the Magistrate Judge's well-reasoned Recommended Decision in full.

Dated: 3/5/2010                    **NICHOLS KASTER, PLLP**

/s/Matthew H. Morgan
Matthew H. Morgan, MN Bar No. 304657
morgan@nka.com
(*Admitted pro hac vice*)
Reena I. Desai, MN Bar No. 0388311
rdesai@nka.com
(*Admitted pro hac vice*)
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone (612) 256-3200
Fax (612) 215-6870

/s/ Donald F. Fontaine_____
LAW OFFICES OF DONALD F. FONTAINE
Donald F. Fontaine
Bar No. 424
97 India Street
P.O. Box 7590
Portland, Maine 04112
Telephone (207) 879-1300
Fax (207) 772-6402
dff@fontainelaw.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that, on this 5th day of March, 2010, this document was filed with the Clerk of Court through the Court's electronic filing (ECF) system and that ECF will send electronic notice of the filing to the following:

Christopher M. Pardo
cpardo@constangy.com

Ellen C. Kearns
ekearns@constangy.com

Jonathan W. Yarbrough
jyarbrough@constangy.com

Mark A. Kearns
mak@constangy.com
Constangy, Brooks & Smith, LLP
75 Arlington Street
Suite 500
Boston, MA  02116
(617) 849-7884

David J. Perkins
dperkins@perkinsolson.com

Nathan Quinn Collins
qcollins@perkinsolson.com
Perkins Olson
30 Milk Street
PO Box 449
Portland, ME  04112-0449
(207) 871-7159

Dated: 3/5/2010                                         /s/Reena I. Desai
                                                        Reena I. Desai, MN Bar No. 0388311
                                                         (*Admitted pro hac vice*)
                                                        4600 IDS Center
                                                        80 South 8th Street
                                                        Minneapolis, MN 55402
                                                        Telephone (612) 256-3200
                                                        Fax (612) 215-6870
                                                        rdesai@nka.com