UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ALISON MCCORMICK, et al.,           )
                                     )
    Plaintiffs,                      )
                                     )
v.                                   )
                                     )
FESTIVA DEVELOPMENT GROUP, LLC,      )   Case No. 2:09-cv-00365-GZS
                                     )
and                                  )
                                     )
RANGELEY LAKE RESORT                 )
DEVELOPMENT COMPANY, LLC, AND        )
PERRY WILLIAMS, individually         )
                                     )
    Defendants.                      )
_____)

**ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

WHEREAS, Plaintiffs and Defendant Festiva Development Group LLC have entered into a Settlement Agreement intended to resolve the above-captioned litigation before this Court, as well as any other claims that were, or could have been asserted on the same facts, more particularly articulated in Plaintiffs' operative complaint filed in this action and generally described as involving claims arising out of Defendant's classification of the Plaintiffs and purported class members as exempt employees and the alleged failure to pay these employees for all compensable time worked; and

WHEREAS, the Settlement Agreement, together with supporting materials, sets forth the terms and conditions for a proposed settlement, the complete list of parties affected thereby, and dismissal with prejudice of this action against the Defendant; and

WHEREAS, the Court has before it the parties' Joint Motion for Preliminary Approval of Class and Collective Action Settlement and Incorporated Memorandum of Law ("Motion for Preliminary Approval") (Docket # 142) and supporting papers in support thereof, together with the Settlement Agreement and supporting materials; and

1

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arms' length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendant.

**The Court hereby GRANTS WITHOUT OBJECTION the Joint Motion for Preliminary Approval of Settlement (Docket # 142) and ORDERS AS FOLLOWS:**

1. Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2. The terms of the parties' Settlement Agreement are hereby conditionally approved, subject to further consideration thereof at the Final Approval Hearing provided for below. The Court finds that the Settlement is sufficiently within the range of reasonableness and that notice of the proposed settlement should be given as provided in this Order.

3. The Court conditionally certifies the following Settlement Classes:

    (i) **COLLECTIVE CLASS** – All persons who filed a consent to join form in <u>McCormick et al. v. Festiva Development Group, LLC et al.</u>, No. 2:09-cv-00365-GZS (D. Me. 2009), as of November 10, 2010.

    (ii) **RULE 23 CLASS** – All persons who are performing or have performed work for Defendant Festiva in the state of Maine as a Sales Representative and who were paid by Festiva in whole or in part on a commission basis through November 10, 2010.

4. The Court further conditionally finds that named plaintiffs Alison McCormick, Sean Foley, Tamra Philbrook, J. Ham Ying, Courtney Cooney, Scott Robinson, Keith Wegener, Dennis Pelczynski, Deborah Strout, Daniel Tucker, Morgan Fineberg, and Matthew Byron are adequate class representatives for the Settlement Classes.

5. The Court further conditionally finds that Plaintiffs' Counsel is adequate to serve as Class Counsel and conditionally appoints the following as counsel for the class and as Settlement Administrator per the agreement of the parties:

2

Matthew H. Morgan, Esq.
Reena I. Desai, Esq.
NICHOLS KASTER, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402

6. Any person who does not elect to be excluded from the Settlement Classes may, but need not, enter an appearance through his or her own attorney. Settlement Class members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

*Notice to Settlement Class and Appointment of Settlement Administrator*

7. The Court approves the form of Notices and Claim Forms, attached as Exhibits to the parties' Settlement Agreement and the manner of notice set forth in the Settlement Agreement and Motion for Preliminary Approval. Such Notices shall issue in accordance with the schedule set forth in the Motion for Preliminary Approval.

8. The manner and forms of Notice set forth the Settlement Agreement are hereby approved and the provisions thereof are hereby incorporated into this Order so that upon entry of this Order, the parties are directed to ensure that the notice is disseminated according to the terms of the Settlement Agreement. Settlement class members may request exclusion from the Settlement or object to the Settlement by expressly opting out of the Settlement in writing with a postmark no later than 45 days after Notice is mailed to the individual Settlement Class member. Settlement Class members may file a claim form by returning to the Claims Administrator a claim form with a postmark no later than 45 days after Notice is sent to the individual class member. Prior to the Final Approval Hearing, Class Counsel, in its role as Settlement Administrator, shall serve and file a sworn statement attesting to compliance with the provisions of this paragraph.

9. The notices to be provided as set forth in the Settlement Agreement are hereby found to be the best practicable means of providing notice under the circumstances and, when

completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of FED R. CIV. P. 23, due process, the Constitution of the United States, the laws of Maine and all other applicable laws. The notices are accurate, objective, informative and provide members of the Settlement Classes with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

*Requests for Exclusion from the Settlement Class*

10. Any member of the Settlement Classes who wishes to be excluded ("opt-out") must send an opt-out written request for exclusion to the Claims Administrator, so that it is received by the Claims Administrator at the address indicated in the Notice with a postmark no later than 45 days after Notice is sent to the individual Settlement Class member. In order to be effective, this Request for Exclusion must include the Settlement Class member's name and address, and should state: (1) that the Settlement Class member is requesting to be excluded from the Parties' settlement in the case *McCormick, et al. v. Festiva Development Group, Inc., et al.*, Case No. 2:09-cv-00365-GZS; and (2) that the Settlement Class member understands that by being excluded from the settlement, the Settlement Class member will receive no funds in conjunction with the case. If, however, the Settlement Class member submits a timely Claim Form, his or her opt-out request will be void.

11. Members of the Settlement Classes may not exclude themselves by filing requests for exclusion as a group or class, but must in each instance individually and personally execute a request for exclusion and timely transmit it to the Claims Administrator.

12. Any member of the Maine Rule 23 Class who does not properly and timely request

exclusion shall be bound by all the terms and provisions of the Settlement Agreement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the settlement fund pursuant to the Settlement Agreement. All members of the Maine Rule 23 Class who do not personally and timely request to be excluded are enjoined from proceeding against the Defendant for the claims made in the operative complaint. The claims of all members of the Collective Class who reject his or her settlement offer within the allotted time period shall be dismissed without prejudice, and his or her claims tolled for 30 days from the date such claims are dismissed.

*Objections to the Settlement*

13. Any person who does not elect to be excluded from the Settlement may, but need not, submit comments or objections to the proposed Settlement, entry of Final Order and Judgment approving the settlement, or Class Counsel's application for fees and expenses by serving a written objection.

14. Any individual making the objection (an "Objector") must sign the objection personally. To object, Settlement Class members must file with the Court and serve on counsel for the Parties a written statement describing their reasons for objecting to the Settlement with a postmark no later than 45 days after Notice is sent to the individual Settlement Class member. No person shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any person shall be received or considered by the Court at the Final Approval Hearing, unless such written statement of objections and supporting materials are timely filed and served as set forth herein and detailed in the relevant notice.

15. An objection must also state the Objector's full name, address, and the dates and

position of the objector's employment with Defendant in order to be valid.

16. If an objector intends to appear personally at the Final Approval Hearing, the Objector must include with the objection a notice of the Objector's intent to appear at the hearing. If counsel is appearing on behalf of more than one Settlement Class member, counsel must identify each such Settlement Class member, and each Settlement Class member must have complied with the requirements of this Order.

*The Final Approval Hearing*

17. A hearing on Final Approval of the Settlement (the "Final Approval Hearing") is hereby scheduled to be held before this Court on **Friday, June 24, 2011 at 1:30 PM**, to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the dismissal with prejudice of the above-captioned action with respect to Defendant herein, and the entry of final judgment.

18. Settlement Class Counsel's application for award of attorney's fees and costs, as well as for the costs of the settlement administration, and the single requested service payment, shall be heard at the time of the Final Approval Hearing. Any application for an award of attorneys' fees and costs and any application for the requested service payment shall be filed in conjunction with the Motion for Final Approval of the Settlement Agreement.

19. The Motion for Final Approval of the Settlement Agreement shall be filed on or before June 10, 2011 and shall include, as a separate document, a detailed accounting of all disbursements to be made of the Total Settlement Amount ($500,000.00). The Motion shall also clearly state: (1) the total number of notices mailed to both the Rule 23 Class Members and the Collective Class Members; (2) the total number of notices returned, as well as what address verification steps were taken on each returned notice packet and the number of class members

who did not receive notice despite those verification efforts; (3) the number of claim forms received from both the Rule 23 Class Members and the Collective Action Class Members.

20. The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Classes other than that which may be posted by the Court.

21. Only Settlement Class members who have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class member who does not timely file and serve an objection in writing to the Settlement, entry of Final Judgment, or to Class Counsel's application for fees, costs, and expenses or to the proposed service payment, in accordance with the procedure set forth in the Notice and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

*Other Provisions*

22. Each and every time period and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

23. All reasonable costs incurred in notifying members of the Settlement Classes, as well as administering the Settlement Agreement, shall be paid as set forth in the Settlement Agreement.

*Schedule*

24.  The Parties shall comply with the following schedule:

| *Date* | *Event* |
| --- | --- |
| February 7, 2011 | Plaintiffs send Notice of Class Action Settlement to the Rule 23 Maine class, providing a 45-day acceptance period. |
| March 24, 2011 | Deadline for Rule 23 Maine Class members to return their Claim Forms, object to the Settlement, or request exclusion from the Settlement. |
| April 14, 2011 | Deadline for Festiva to review proposed allocations |
| April 21, 2011 | Plaintiffs send Notice of Settlement Offer to Collective Class plaintiffs who previously opted-into the Settlement, providing a 45-day acceptance period |
| June 6, 2011 | Deadline for opt-in Plaintiffs to return their Claim Forms |
| June 10, 2011 | Deadline to file Motion for Final Approval of the Settlement and Proposed Class Counsel to File Petition for Attorneys' Fees and Costs and for Costs of Settlement Administration |
| June 24, 2011 | Date of Final Approval Hearing/Fairness Hearing |

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 24th day of January, 2011.