UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ALISON MCCORMICK, et al., | ) |
| Plaintiffs, | ) |
| v. | ) |
| FESTIVA DEVELOPMENT GROUP, LLC, | ) Case No. 2:09-cv-00365-GZS |
| and | ) |
| RANGELEY LAKE RESORT DEVELOPMENT COMPANY, LLC, AND PERRY WILLIAMS, individually | ) |
| Defendants. | ) |

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND
FINAL ORDER OF DISMISSAL WITH PREJDUICE**

WHEREAS, Plaintiffs and Defendant have entered into a Settlement Agreement intended to resolve the above-captioned litigation before this Court, as well as any other claims that were, or could have been asserted on the same facts, more particularly articulated in Plaintiffs' operative complaint filed in this action and generally described as involving claims arising out of Defendant's classification of the Plaintiffs and purported class members as exempt employees and the alleged failure to pay their these employees for all compensable time worked;

WHEREAS, the Settlement Agreement, together with supporting materials, sets forth the terms and conditions for a proposed settlement, the complete list of parties affected thereby, and dismissal with prejudice of this action against the Defendant;

WHEREAS, the Court preliminarily approved the Settlement on January 24, 2011 (ECF No. 143);

WHEREAS, the Court has before it the parties' Joint Motion for Final Approval of Class and Collective Action Settlement and Incorporated Memorandum of Law ("Motion for Final Approval") and supporting papers in support thereof, together with the Settlement Agreement and

1

supporting materials;

WHEREAS, the Court held a final fairness hearing on June 20, 2011, at which no objections were received; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendant.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2. The Court has jurisdiction over the subject matter of the Litigation and over all Parties to the Litigation, including all Class Members.

3. The Court hereby makes final the conditional certification of the Settlement Classes contained in its Order Granting Preliminary Approval (ECF No. 143), thereby making final the Classes defined as:

   (i) **COLLECTIVE CLASS** – All persons who filed a consent to join form in <u>McCormick et al. v. Festiva Development Group, LLC et al.</u>, No. 2:09-cv-00365-GZS (D. Me. 2009), as of November 10, 2010.

   (ii) **RULE 23 CLASS** – All persons who are performing or have performed work for Defendant Festiva in the state of Maine as a Sales Representative and who were paid by Festiva in whole or in part on a commission basis through November 10, 2010.

4. The Court further finds that named plaintiffs Alison McCormick, Sean Foley, Tamra Philbrook, J. Ham Ying, Courtney Cooney, Scott Robinson, Keith Wegener, Dennis Pelczynski, Deborah Strout, Daniel Tucker, Morgan Fineberg, and Matthew Byron are adequate class representatives for the Settlement Classes.

5. The Court further finds that Plaintiffs' Counsel is adequate to serve as Class

Counsel and makes final the appointment of the following as counsel for the Class and as Settlement Administrator per the agreement of the Parties:

> Matthew H. Morgan, Esq.
> Reena I. Desai, Esq.
> NICHOLS KASTER, PLLP
> 4600 IDS Center
> 80 South 8th Street
> Minneapolis, MN 55402

6. The Court further finds that the time period provided for Class Members to object or request exclusion—45 days from mailing of the Notice—is sufficient and complies with the requirements of due process.

7. The Notice given to the Class Members was in compliance with the Order Granting Preliminary Approval and provided the best notice practicable in the circumstances regarding the proposed settlement set forth in the Settlement Agreement. The Court further finds that the Notice complied fully with the Federal Rules of Civil Procedure and constitutional due process, including Fed. R. Civ. P. 23(e).

8. The Court finds that the Settlement Agreement, and the settlement contained therein, is fair, reasonable and adequate as to each of the Parties and to all Class Members, and that the Settlement Agreement, and settlement contained therein, is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms. Payments to Class Members (other than the bonus award sought in Plaintiffs' Motion for Attorneys' Fees and Costs) are hereby ORDERED to be made in the amounts, time and manner set forth in the Settlement Agreement and the amounts provided in Exhibit A to the Parties' Joint Motion for Final Approval.

9. Having found that no member of the Maine Rule 23 Class requested exclusion, each member shall be bound by all the terms and provisions of the Settlement Agreement. All

members of the Maine Rule 23 Class are enjoined from proceeding against the Defendant for the claims made in the operative complaint. Having found that no member of the Collective Class rejected his or her settlement offer, the claims of all members of the Collective Class are dismissed with prejudice. The parties are to bear their own costs, except as awarded by the Court and under the relevant terms of the Settlement Agreement.

      SO ORDERED.

                                /s/ George Z. Singal
                                United States District Judge

      Dated this 20th day of June, 2011.