# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| ALISON MCCORMICK, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FESTIVA DEVELOPMENT GROUP, LLC, )<br>)<br>and )<br>)<br>RANGELEY LAKE RESORT )<br>DEVELOPMENT COMPANY, LLC, AND )<br>PERRY WILLIAMS, individually )<br>)<br>Defendants. )<br>_____) | Case No. 2:09-cv-00365-GZS |

## ORDER GRANTING MOTION FOR ATTORNEYS' FEES & COSTS
## AND PLAINTIFF BONUS PAYMENT

Before the Court is the Unopposed Motion for Attorneys' Fees & Costs and Plaintiff Bonus Payment (Docket # 152). Having reviewed the written submission as well as the oral submissions of counsel at the Final Fairness hearing, held on June 20, 2011, the Court now GRANTS the Motion without objection

In accordance with Federal Rule of Civil Procedure 23(h), a court may award reasonable attorney's fees and nontaxable costs in a certified class action. "Whether or not there are formal objections, the court must determine whether a fee award is justified, and, if so, set a reasonable fee." 2007 Adv. Comm. Note to Fed. R. Civ. P. 23(h). There are generally two methods for awarding attorneys' fees from a common fund: (1) the percentage of fund (POF) method or (2) the lodestar method. In the First Circuit, the POF method is generally the "prevailing" approach. See, e.g., In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295, 307 (1st Cir. 1995).

1

In determining whether the amount of a requested fee is reasonable, the Court considers multiple factors, including: "(1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to properly perform the legal services; (2) the likelihood that acceptance of the particular employment will preclude other employment by the lawyers or their law firms; (3) the fee customarily charged for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent." Sylvester v. CIGNA Corp., 401 F. Supp. 2d 147, 151 (D. Me. 2005).

In this case, the Court finds that all of the just-described factors approves an award of $166,666 in attorney's fees, a third of the settlement fund. As explained in the motion papers, the lodestar cross-check in the case yields a fee that is actually higher than this requested amount.

Additionally, the Court finds that Class Counsel may designate an additional $20,000 from the settlement fund to cover costs. It is understood that the costs incurred to date are $14,558.15 and Class Counsel is entitled to recover those costs immediately. Once the administration of the settlement is complete, Class Counsel shall file with the Court a final accounting of the remaining $5,441.85 that is being reserved for administration costs. This accounting shall certify what, if any amount was donated to the Cy Pres Beneficiary and on what date that donation was transmitted.

Finally, the Court approves the $1,000 recognition payment to Athena Killer as fair and reasonable.

As explained herein, the Unopposed Motion for Attorneys' Fees & Costs and Plaintiff Bonus Payment (Docket # 152), is hereby GRANTED WITHOUT OBJECTION.

SO ORDERED.

                                                        /s/ George Z. Singal
                                                        United States District Judge

Dated this 20th day of June, 2011.